UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JARRED PENNAVARIA | § § § § § § § § § § § § § § § § § | Civil Action No. 2:24-cv-00139 |
| *Plaintiff,* | | |
| v. | | |
| NABORS DRILLING TECHNOLOGIES USA, INC. | | JURY TRIAL DEMANDED |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff—Jarred Pennavaria—files his Original Complaint against Nabors Drilling Technologies USA, Inc. ("Nabors Drilling" or "Defendant") pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101–213 (the "ADA") and Texas Labor Code § 451.001.

## I.
## OVERVIEW

1. This is a case alleging disability discrimination and workers compensation retaliation against Nabors Drilling brought pursuant to Title I of the ADA, and Texas Labor Code § 451.001.

2. Defendant Nabors Drilling employed Plaintiff from approximately January 1, 2020 through the date of discriminatory and retaliatory discharge on August 19, 2022.

3. Prior to his discharge, on February 26, 2022, Plaintiff suffered on the job injuries, including, but not limited to, significant injuries to his spine.

4. As a result of the work injury, Plaintiff was restricted in his ability to return to work at full capacity and returned to light duty work as a Supervisor approximately one (1) month after the injury.

5. Upon his return to work, Plaintiff was constantly harassed by his Supervisors to return to full duty in the lead technician position, despite knowing Plaintiff had not been cleared by his physician to return to full duty work due to this on-the-job injuries. Thereafter, Plaintiff was asked almost daily by his Supervisors, "are you cleared yet?" To which Plaintiff would advise that he had not been cleared by his physician to return to full duty work.

6. Additionally, during Plaintiff's light-duty period, Defendant would routinely schedule Plaintiff to work on job sites that would take him away from his scheduled, necessary medical appointments and would require work that was outside of his medical restrictions. When Plaintiff advised that he could not make it to these job sites due to his medical restrictions and scheduled, necessary medical appointments, Defendant would suggest that he resign.

7. On August 19, 2022, Plaintiff was fired for alleged "performance" issues. Plaintiff had never been advised of any prior performance issues and remained under light duty restrictions due to his on-the-job injury.

8. Plaintiff seeks monetary, injunctive, and/or equitable relief, including compensatory and putative damages from Nabors Drilling because of its unlawful acts.

## II.
## THE PARTIES

9. Plaintiff Jarred Pennavaria was an employee of Defendant Nabors Drilling and was employed at the time of his injury. He worked for Defendant at its Alice, Texas location.

10. Defendant Nabors Drilling is a Foreign For-Profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent: Josh Price, 515 W. Greens Road, Houston, TX 77067 USA.

# III.
# JURISDICTION & VENUE

11. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 42 U.S.C. § 12101 and 29 U.S.C. § 2601.

12. This Court has supplemental jurisdiction over Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367.

13. This Court has specific personal jurisdiction over Nabors Drilling because the cause of action arose within this District as a direct result of its conduct within this District.

14. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
# CONDITIONS PRECEDENT AND
# EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On or about February 24, 2023, Plaintiff Pennavaria filed a charge of disability discrimination against Defendants, Charge Number 451-2023-01655, with the Equal Employment Opportunity Commission ("EEOC").

17. On March 20, 2024, the EEOC issued a Notice of Right to Sue in this matter.

18. This Complaint has been filed within 90 days of receipt of the Right to Sue issued by the EEOC.

19. All conditions precedent for the maintenance of this action have been met. Plaintiff Pennavaria has exhausted his administrative remedies under State and Federal law.

# V.
# ADDITIONAL FACTS

20. Plaintiff Pennavaria began working for Nabors Drilling as a Technician on approximately January 1, of 2020.

21. On or about February 26, 2022, while on the job, Plaintiff was involved in a motor vehicle collision in Gidding, Texas, in a company vehicle which Plaintiff was a passenger in.

22. As a result of the work injury, Plaintiff suffered significant disabling injuries to his spine, including his lumbar spine. Specifically, the accident caused Plaintiff to suffer from herniated discs that restricted his ability to return to work at full capacity.

23. Plaintiff was completely restricted from returning to work until roughly one (1) month after the work injury.

24. Plaintiff returned to work approximately one (1) month after the injury to light duty as a Supervisor.

25. Plaintiff continued to work for Defendant after his work injury until August 19, 2022, when he was terminated. At no time during the remainder of his employment with Defendant was Plaintiff cleared to return to full duty.

26. During the time that Plaintiff worked for Defendant after his work injury, he was constantly harassed by his Supervisors employed by the Defendant, to return to his full-duty position.

27. Plaintiff continuously advised Defendant and/or his Supervisors that he had not been medically cleared by his physician to return to his full duty work due to his work injuries in response to their daily question of "are you cleared yet?"

28. At no point during the remainder of Plaintiff's employment with the Defendant, was Plaintiff medically cleared to return to full duty.

29. Additionally, during Plaintiff's light duty period, he was routinely scheduled and assigned by Defendant to work job sites that would take him away from his scheduled, necessary medical appointments and that required his to perform work outside of his medical restrictions.

30. Plaintiff would inform Defendant he would not be able to complete the assignment as it required work outside of his medical restrictions and interfered with his scheduled and necessary medical appointments. In response, Defendant would suggest that he resign.

31. Specifically, by just one example, on July 17, 2022, Plaintiff was in conversation with one of his Supervisors, Steven Valentine, regarding an example of a situation described above when Mr. Valentine responded "If you are quitting, please send a resignation email. Just to keep you in the rehire list. Up to you bud."

32. Plaintiff took no action prior to the text from Mr. Valentine that suggested he was quitting other than attending his regularly scheduled medical appointments due to his work injury.

33. On August 19, 2022, Plaintiff was fired for alleged "performance" issues.

34. Plaintiff had never been advised of any prior performance issues and, at the time, he remained restricted from full duty work due to his work injury.

35. Defendant terminated Plaintiff for a pretextual reason motivated by retaliatory intent.

36. Plaintiff suffered from a disability to his lumbar spine that affected his ability to work in his full duty position. Plaintiff was fired when Defendant failed to engage with him in the interactive process by assessing potential accommodations related to his need to continue medical treatment by attending his medical appointments. Accordingly, Plaintiff's termination constitutes a violation of the ADA.

37. Further, Plaintiff was terminated for filing a workers compensation claim in good faith in violation of Texas Labor Code, Chapter 451.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### Failure to Accommodate and Failure to engage in the Interactive Process
### 42 U.S.C. §§ 12112(a) and (b)(5)(A)

38. The preceding paragraphs are incorporated as though fully set forth herein.

39. The ADA prevents employers from discriminating against their disabled employees, including but not limited to "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. §§ 12112(a), (b)(5)(A).

40. At all relevant times, Defendant was a "covered entity" and "employer" subject to the requirements of the ADA. 42 U.S.C. § 12111(2), (5).

41. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the ADA. 42 U.S.C. § 12111(4).

42. At all relevant times, Plaintiff was a "qualified individual" within the meaning of the ADA. 42 U.S.C. § 12111(8).

43. At all relevant times, Plaintiff requested "reasonable accommodations" within the meaning of the ADA. 42 U.S.C. § 12111(9).

44. In violation of the ADA, Defendant discriminatorily refused to engage in the interactive process with Plaintiff who had informed Defendant and requested accommodations for a light duty position.

45. In violation of the ADA, Defendant discriminatorily refused to provide any accommodations, including but not limited to a light duty work and reduced traveling to jobs sites so he could attend scheduled and necessary medical appointments.

46. Upon information and belief, Defendant discriminatorily terminated Plaintiff who had requested reasonable accommodations in violation of the ADA.

47. Defendant's failure to engage in the interactive process and/or provide Plaintiff with any reasonable accommodation was intentional.

48. Defendant's failure to provide Plaintiff any reasonable accommodation was malicious and/or done with reckless indifference to his federally protected rights.

49. The effect of the practices complained of in the foregoing paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

50. As a result of the above alleged acts, Plaintiff has suffered lost wages and benefits in the past and in the future, loss of job opportunity, loss of reputation, loss of fringe benefits and/or seniority rights and has also incurred damages in the form of shame, shock, embarrassment, humiliation, emotional pain and suffering, and mental anguish.

## COUNT TWO
### Discriminatory Termination Under the ADA

51. The preceding paragraphs are incorporated as though fully set forth herein.

52. Defendant's discriminatory treatment of the Plaintiff, Plaintiff's termination on August 19, 2022, and refusal to reinstate Plaintiff on August 19, 2022, were motivated by and due to Plaintiff's disability and/or being regarded as having a disability, in violation of 42 U.S.C. § 12101, *et seq*.

## COUNT THREE
### Retaliatory Refusal to Reinstate
### 42 U.S.C. § 12203

53. The preceding paragraphs are incorporated as though fully set forth herein.

54. Defendant's retaliatory refusal to reinstate Plaintiff on August 19, 2022, was motivated by and due to Plaintiff's disability and/or being regarded as having a disability, in violation of 42 U.S.C. § 12101, *et seq*.

## COUNT FOUR
### Workers Compensation Retaliation
### Violation of Texas Labor Code, Chapter 451

55. The preceding paragraphs are incorporated as though fully set forth herein.

56. Defendant has been a "subscriber" of worker's compensation insurance at all times material to this action.

57. At all times relevant to this suit, Plaintiff was employed by Defendant.

58. On or about February 26, 2022, Plaintiff suffered an on-the-job injury. Plaintiff promptly notified Defendant of Plaintiff's on-the-job injury and requested medical attention.

59. On or about August 19, 2022, Defendant terminated Plaintiff for a pretextual reason motivated by retaliatory intent.

60. Plaintiff was terminated in retaliation for filing a workers compensation claim in good faith in violation of Texas Labor Code, Chapter 451.

61. Plaintiff alleges that Defendant, violated Section 451.001 of the Texas Labor Code by discriminating against Plaintiff and discharging Plaintiff because Plaintiff notified his employer of Plaintiff's on-the-job injury and/or initiated the filing of a worker's compensation claim in good faith.

62. Plaintiff seeks the maximum damages allowed by Section 451.002 of the Texas Labor Code and at common law.

63. Plaintiff's injuries resulted from Defendant's fraud and/or malice as set forth in TEX. CIV. PRAC. & REM. CODE § 41.001 *et seq*. Accordingly, Plaintiff is entitled to an award of exemplary damages in accordance with Texas law.

## XI.
## DAMAGES

61. As a direct and proximate result of the wrongful acts and/or omissions of Defendant, Plaintiff has suffered damages, including but not limited to past:

    a. Pecuniary loss;

    b. Lost wages, salaries, and/or other benefits;

    c. Lost earning capacity;

    d. Loss of benefits;

e. Loss of use

f. Back pay;

g. Interest on back pay;

h. Out of pocket expenses;

i. Mental anguish damages;

j. Emotional pain and suffering;

k. Loss of enjoyment of life and/or physical impairment;

l. Inconvenience;

m. Other non-pecuniary loss;

n. Compensatory damages;

o. Actual monetary losses;

p. Liquidated and/or statutory damages;

q. Pre and post judgment interest;

r. Other interest allowed by law;

s. Costs of court;

t. Legal expenses, expert fees, and attorneys' fees pursuant to 42 U.S.C. 12117.

## XII.
## INJUNCTIVE AND EQUITABLE RELIEF

62. Plaintiff Pennavaria is entitled to injunctive and equitable relief pursuant to law. Plaintiff requests the court provide equitable and injunctive relief including but not limited to: injunction prohibiting Nabors Drilling from engaging in the unlawful employment practices alleged in this complaint, in addition to other equitable relief that may prove to be available.

## XIII.
## PRAYER

Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against the Defendant for the following:

a. All actual and nonpecuniary damages resulting from Defendant's acts and/or omissions;

b. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against employees or applicants because of disability;

c. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to engage in the interactive process with all disabled employees requesting reasonable accommodations;

d. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from denying reasonable accommodations requested by its disabled employees;

e. For an Order awarding punitive damages to Plaintiff for the intentional acts of Defendant;

f. All reasonable damages as allowed under Texas Labor Code, Chapter 451, including but not limited to: loss of wages and benefits in the past and in the future, loss of job opportunity, loss of reputation, loss of fringe benefits and/or seniority rights, emotional pain and suffering, mental anguish, humiliation, shame, shock and embarrassment in the past and in the future;

g. For an Order awarding the costs of this action;

h. For an Order awarding attorneys' fees;

i. Pre-judgment and post-judgment interest as allowed by law;

j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 18, 2024      Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
    **Clif Alexander**
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Locke Henry**
    Texas Bar No. 24118408
    Locke@a2xlaw.com
    101 N. Shoreline Blvd, Suite 610
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    ***Attorneys in Charge for Plaintiff***